# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CLODUALDO JASSO-MARTINEZ,

    Plaintiff

v.

MARIA ELENA RODRIGUEZ LARA, et al.,

    Defendants

Case No.: 3:22-cv-00185-MMD-CSD

**Order**

Re: ECF Nos. 1, 1-1

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names the following defendants (his ex-partner) Maria Elena Rodriguez Lara, Martha Lucero Rodriguez Lara, and Luis Fernando Rodriguez Lara.

Plaintiff's complaint briefly mentions identity theft, robbery, humiliation, discrimination, abuse, damage to mental and physical health related to a case concerning custody of his children, theft, defamation, verbal violence, child abuse, and trespassing. Plaintiff's complaint goes on to discuss hearings regarding the custody of Plaintiff's children; his ex-partner taking his children; abuse; false accusations against him of kidnapping; and disobeying orders to let Plaintiff see his children.

Plaintiff's complaint does not set forth sufficient facts as to each defendant to state any plausible claim for relief.

For example, to assert a claim for defamation, a plaintiff must allege: "(1) a false and defamatory statement …; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Clark County School Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 503-04 (2009) (quotations and citations omitted).

Plaintiff does not allege *who* made the defamatory statement(s), *when* they were made, to *whom* they were made, fault, or how exactly he was damaged.

Similarly, Plaintiff does not describe the circumstances surrounding the alleged identity theft or what each defendant did to steal his identity.

Robbery is a crime, but is not a tort that can be raised in a civil action, though there may be other civil torts that encompass the taking of property. In any case, Plaintiff must include *factual* allegations that identify the particular conduct undertaken by *each* defendant that demonstrate liability. Nor does Plaintiff include factual allegations regarding any trespass.

In addition, this court cannot interfere with ongoing state child custody proceedings. *See Peterson v. Babbit,* 708 F.2d 465, 466 (9th Cir. 1983) ("The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulations and supervision of domestic relations within their border is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate.").

Finally, it does not appear from the limited information in the complaint that this action is properly brought in the District of Nevada. A civil action must be brought in (1) a judicial district in which any *defendant* resides, if all defendants reside in the same state where the district is

located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Plaintiff states that each of the defendants resides in California. The allegations are not clear that any of the conduct occurred in Nevada, or that any defendant is otherwise subject to personal jurisdiction in Nevada.

In an abundance of caution, Plaintiff will be given leave to amend to address these deficiencies and attempt to state a claim for relief.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**; (2) The Clerk shall **FILE** the Complaint (ECF No. 1-1); (3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: June 8, 2022

_____
Craig S. Denney
United States Magistrate Judge