UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CLODUALDO JASSO-MARTINEZ,<br><br>    Plaintiff<br><br>v.<br><br>MARIA ELENA RODRIGUEZ LARA, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00185-MMD-CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF Nos 8, 12. |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed a first amended complaint (FAC) (ECF Nos. 8, 9), which the court screens under 28 U.S.C. § 1915(e)(2). Plaintiff has also filed a document titled "petition to prosecute the trial of this case." (ECF No. 12.)

**I. Background**

Plaintiff filed an application to proceed *in forma pauperis* (IFP) and pro se complaint. (ECF Nos. 1, 1-1.) The court granted Plaintiff's IFP application and screened his complaint. (ECF No. 5.) Plaintiff's complaint discussed his ex-partner and assertions of abuse, false accusations against him and proceedings concerning the custody of his children. The court found that Plaintiff did not state any colorable claim for relief, and it did not appear that this action was properly brought in the District of Nevada. Moreover, Plaintiff was advised that the federal court cannot interfere with ongoing state child custody proceedings. In an abundance of caution, Plaintiff was given leave to amend to address these deficiencies.

Plaintiff subsequently filed the FAC, which the court now screens. (ECF No. 8.)

## II. Screening

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's FAC**

Plaintiff's FAC includes two pages where Plaintiff discusses talking with Social Services as well as his children's school principal in Anaheim, California. He submitted various documents with his FAC, including a criminal temporary restraining order for domestic violence that appears to have been issued against him in California, and various filings from the Family Division of the Second Judicial District Court in and for the State of Nevada in the County of Washoe.

The FAC, like the original complaint, does not state a claim upon which relief may be granted. To the extent Plaintiff wants the court to interfere with his family court proceedings involving his ex-partner and his children, the federal court is unable to do so.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE** for failure to state a claim upon which relief may be granted, and **DENYING** Plaintiff's petition to prosecute this action to trial (ECF No. 12).

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 21, 2022

_____
Craig S. Denney
United States Magistrate Judge